UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

James Mark Vogel,

              Plaintiffs,

vs.                                  REPORT AND RECOMMENDATION

Department of Corrections
Commissioner Joan Fabian,

              Defendant.                Civ. No. 08-1354 (PJS/RLE)

* * * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Petition of James Mark Vogel for a Writ of Habeas Corpus under Title 28 U.S.C. §2254. For reasons which follow, we recommend that the Habeas Corpus Petition be dismissed as untimely.

II. Factual and Procedural Background

The Petitioner commenced this action on May 20, 2008, by filing a Habeas Corpus Petition challenging his State criminal conviction for "Felony Driving Under the Influence." See, Petition, Docket No. 1, p. 2, ¶4. According to the Petition, the

Petitioner was convicted, in Becker County District Court, on February 23, 2004. <u>Id.</u> at p. 2, ¶¶1-2. He was sentenced to fifty-one (51) months in prison, to be followed by five (5) years of conditional release. <u>Id.</u> at p. 2, ¶3. He is presently incarcerated at the Minnesota Correctional Facility, in Stillwater, Minnesota.

A facial review of the Petition reveals that the Petitioner's Judgment of conviction became final more than one (1) year before his Petition was filed and, therefore, this action is time-barred under the one (1) year statute of limitations prescribed by Title 28 U.S.C. §2244(d)(1)(A). For this reason, on May 27, 2008, we issued an Order to show cause, in writing, why this action should not be summarily dismissed due to untimeliness. See, <u>Order</u>, <u>Docket No. 2</u>. We further advised the Petitioner that, if he failed to respond to our Order by June 26, 2008, we would recommend that his Habeas Corpus Petition be dismissed with prejudice.[1] <u>Id.</u>

The deadline has now passed, and the Petitioner has not filed any written response to our prior Order, nor has he submitted any additional filings, to indicate that his Petition is timely. Therefore, we must now consider the timeliness of his Petition, without the benefit of any additional information from the Petitioner.

---

[1] Our prior Order also required the Petitioner to demonstrate that he had fully exhausted all available State Court remedies, for his current claims.

III.  <u>Discussion</u>

    A.    <u>Standard of Review</u>.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), effected several significant changes in the Federal Habeas Corpus statutes.  One of those changes was incorporated into Title 28 U.S.C. §2244(d), which establishes a one (1) year statute of limitations for Habeas Corpus Petitions, which are filed by State prisoners who seek Federal Court review of a State Court conviction or sentence.  The statute reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of --
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. §2244(d).

As a consequence, a State prisoner, who seeks Federal Habeas Corpus review from his State conviction or sentence, ordinarily must file his Petition within one (1) year after his Judgment of conviction "became final by the conclusion of direct review." Title 28 U.S.C. §2244(d)(1).

The statute provides, however, that this deadline can be modified if: 1) the prisoner is unable to file his Federal Habeas Corpus Petition in a timely manner because of an impediment that was imposed by the State; 2) the prisoner is relying on some newly recognized constitutional right that is retroactively applicable on collateral review; or 3) the prisoner is relying on some new evidence which could not have been reasonably discovered in time to file a timely Petition. See, Title 28 U.S.C. §2244(d)(1)(B)-(D).

The statute of limitations also includes a tolling provision, which stops the running of the one (1) year limitations period while the prisoner is pursuing a "properly filed" application for post-conviction relief in the State Courts. See, <u>Title 28 U.S.C. §2244(d)(2)</u>. Our Court of Appeals has expressly held, however, that the period between the completion of the direct appeal process, and the application for post-conviction relief, is counted towards the one (1) year limitations period. See, <u>Maghee v. Ault</u>, 410 F.3d 473, 475 (8th Cir. 2005); <u>Curtiss v. Mount Pleasant Correctional Facility</u>, 338 F.3d 851, 853-55 (8th Cir. 2003), cert. denied, 540 U.S. 1060 (2003); <u>Painter v. Iowa</u>, 247 F.3d 1255, 1256 (8th Cir. 2001).

B.   <u>Legal Analysis</u>.  Here, there is no indication that the State created any impediment which prevented the Petitioner from seeking Federal Habeas relief within the prescribed one (1) year limitation period, nor is there any showing that the Petitioner's claims are based on any newly-recognized (and retroactively applicable) constitutional right, or on any new evidence that could not have been discovered in time to file a timely Petition. Thus, the one (1) year statute of limitations began to run, here, pursuant to Section 2244(d)(1)(A) -- when the Petitioner's Judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

The Petitioner is challenging a Judgment which was entered on February 23, 2004.  See, <u>Petition</u>, supra at p. 2, ¶2.  Since the Petitioner did not pursue a direct appeal, that Judgment became final, for purposes of the statute of limitations, upon "the expiration of the time for seeking such review." <u>Title 28 U.S.C. §2244(d)(1)(A)</u>. According to Rule 28.02, Subdivision 4(3), Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases * * * ."  As a result, the deadline for seeking direct appellate review of the Petitioner's conviction, and sentence, was ninety (90) days after the entry of Judgment, or May 24, 2004.  That is the date when the Judgment in the Petitioner's case became final, and, accordingly, that is the date when the one (1) year statute of limitations began to run for Habeas review.  The Petitioner did not file his present Petition until May 20, 2008, which was nearly four (4) years after the one (1) year statute of limitations began to run. Therefore, this action is plainly time-barred, unless the statute was tolled.

As noted above, the Habeas Corpus statute of limitations is tolled, pursuant to Section 2244(d)(2), when a prisoner properly commences a post-conviction action in State Court.  The statute remains tolled during the entire period of time, when such post-conviction proceedings continue to be pending in any State Court, including the

State Appellate Courts.  See, <u>Bishop v. Dormire</u>, 526 F.3d 382, 383 (8th Cir. 2008); <u>Williams v. Bruton</u>, 299 F.3d 981, 983 (8th Cir. 2002); <u>Mills v. Norris</u>, 187 F.3d 881, 883-84 (8th Cir. 1999).

The Petitioner represents that he filed a post-conviction Motion in State Court, at some point after his conviction and sentencing.  See, <u>Petition</u>, supra at p. 3, ¶11(a)(2).  However, a review of the Petition reveals that the Petitioner's post-conviction Motion was summarily denied, because it was filed more than two (2) years after Judgment was entered.[2]  <u>Id.</u> at p. 4, ¶11(a)(5).  Therefore, the Petitioner must have filed his post-conviction Motion more than two (2) years after February 23, 2004 -- the date when his Judgment of conviction was entered -- which would mean that the Motion was not filed until sometime after February 23, 2006.  By that time, however, the one (1) year statute of limitations for seeking Federal Habeas Corpus relief had already expired.

Since the statute of limitations, for any Federal Habeas review, had already expired before the Petitioner filed his post-conviction Motion in State Court, that Motion did not toll the one (1) year statute of limitations.  See, <u>Jackson v. Ault</u>, 452

---

[2] Under Minnesota law, post-conviction Motions must be filed within two (2) years after "the entry of judgment of conviction or sentence if no direct appeal is filed."  <u>Minnesota Statutes Section 590.01, Subdivision 4(a)(1)</u>.

F.3d 734, 735 (8th Cir. 2006), cert. denied, --- U.S. ----, 127 S.Ct. 946 (2007)("The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired."), citing Curtiss v. Mount Pleasant Correctional Facility, supra at 853 (8th Cir. 2003); see also, Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(holding that a State post-conviction Motion, which is filed after the Section 2244(d)(1) statute of limitations has expired, cannot toll the statute "because there is no period remaining to be tolled"); Cuypers v. Symmes, 2007 WL 1219306 at *3 (D. Minn., April 24, 2007)("[I]f a petitioner fails to initiate state court proceedings until after the one-year statute of limitations expires, then subsequent state post-conviction proceedings will not toll the statute of limitations because there is no federal limitations period remaining to toll."), citing Painter v. Iowa, supra at 1256. Simply put, the tolling provision is irrelevant here, because the Federal statute of limitations expired before the Petitioner filed his post-conviction Motion in State Court.[3]

---

[3]The Petitioner may erroneously believe that his post-conviction Motion did not merely toll the running of the statute, but somehow "reset the clock," by giving him a fresh one (1) year limitations period in which to seek Federal Habeas review. However, that is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48 n. 4 (1st Cir. 2005)[citations omitted]; see also, Finch v. Miller, 491 F.3d 424, 426 (8th Cir. 2007)("To extend the limitations period, the state post-conviction application must be properly filed."), and
(continued...)

In sum, we previously advised the Petitioner that, if he failed to demonstrate that his Petition was not time-barred, we would recommend that this action be summarily dismissed with prejudice. The Petitioner has failed to comply with our directive, and he has made no effort to establish the timeliness of his Petition.

Furthermore, based upon the limited information that the Petitioner has provided in his Petition, we conclude that this action is, indeed, time-barred. The statute of limitations expired on May 23, 2005 -- one (1) year after the Judgment in the Petitioner's criminal case became final -- and he did not file his current Petition until May of 2008. In addition, the Petitioner's post-conviction Motion did not toll the statute of limitations, pursuant to Section 2244(d)(2), because that Motion was not filed until after the one (1) year limitations period had already expired.

Accordingly, we recommend that the Petition be dismissed as untimely.

NOW, THEREFORE, It is --

---

[3](...continued)
citing Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005), for the proposition that "If the state court rejected petitioner's post-conviction application 'as untimely, it was not "properly filed," and he is not entitled to statutory tolling under §2244(d)(2).'"

RECOMMENDED:

That the Petition for Writ of Habeas Corpus [Docket No. 1] be dismissed, as untimely.

Dated: July 10, 2008                         *s/Raymond L. Erickson*
                                             Raymond L. Erickson
                                             CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by no later than **July 25, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 25, 2008**, unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.